UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JERMAINE JONES,<br>　　　Plaintiff,<br><br>　　　v.<br><br>ANGEL QUIROS, et al.,<br>　　　Defendants. | No. 3:21-cv-1358 (SRU) |

## INITIAL REVIEW ORDER

Jermaine Jones ("Jones"), a sentenced state prisoner currently confined at MacDougall Walker Correctional Institution ("MWCI"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Connecticut Department of Correction Commissioner Angel Quiros in his official capacity, and against Dr. Naqui, APRN Stork, APRN Jean Caplan, Nurse Gina Burns, Nurse Cathryn Boilard, Nurse Jane Doe #1-5, and Medical Officer "UR/CM" Hollie in their individual capacities. *See* Compl., Doc. No. 1. Specifically, Jones alleges violations of the Eighth and Fourteenth Amendments based on deliberate indifference to his medical needs. *Id.* at 1. His complaint seeks damages and injunctive relief.

### I.　　STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) ("A *pro se* complaint must allege enough facts to state a claim to relief that is plausible on its face.") (cleaned up).

II.     BACKGROUND

The following allegations are taken from the complaint and considered to be true for purposes of this initial review.

During the summer of 2013, Jones injured his right shoulder while playing basketball at MWCI. Compl., Doc. No. 1, at ¶ 10. Jones was not permitted to see medical staff until several weeks after his injury; and after he was examined, the nurses reached no conclusion regarding the injury. *Id.*

In 2015, Jones requested an MRI for his shoulder injury. *Id.* at ¶ 11. On August 7, 2016, Jones wrote to the MWCI medical unit to complain about the "ongoing extreme-severe pain in his right shoulder." *Id.* at ¶ 12. RN Burns responded on August 16, 2016 and indicated that Jones would see a doctor "sometime soon" by appointment. *Id.* Jones was left, however, "to linger . . . unattended with [his] ongoing extreme-severe bodily pain and suffering." *Id.*

On October 23, 2017, Jones wrote to the MWCI medical unit to complain about his right shoulder. *Id.* at ¶ 13. On October 29, 2017, RN Boilard responded that Jones had an upcoming appointment with a doctor. *Id.* Jones did not, however, receive any medical care and continued to suffer from "ongoing extreme-severe bodily pain." *Id.*

On November 17, 2017, Jones received a written reply from UCONN Health Center Medical Officer Hollie in response to Jones's request for an MRI and examination of his right shoulder. *Id.* at ¶ 14. Hollie wrote that the MRI "appointment booking" had been completed, but that "transportation to the UCONN medical center for prisoners" takes time. *Id.* Jones never received medical attention and was left to "linger." *Id.* Eventually, Jones was transported to the UCONN Health Center for his MRI in January 2018. *Id.* at ¶ 15.

On June 28, 2018, Jones wrote to Dr. Naqui to tell him that the pain medication he prescribed did not "stop or reduce" his "ongoing extreme-severe bodily pain and suffering" from his "right shoulder injury." *Id.* at ¶ 16. Still, Dr. Naqui failed to provide Jones with relief. *Id.*

On July 13, 2018, Jones wrote to the MWCI medical unit to complain about his ongoing pain and suffering. *Id.* at ¶ 17. In a written reply dated July 20, 2018, RN Burns left Jones "to linger … unattended with ongoing extreme-severe bodily pain and suffering … [from his] right shoulder." *Id.*

In 2019, the UCONN Health Center discovered a cyst in Jones's right shoulder. *Id.* at ¶ 18. The cyst caused pain in both Jones's shoulder and right arm, making it difficult for Jones to write. *Id.*

On August 12, 2019, Jones wrote to the MWCI physician and/or APRN Stork to complain about his pain and suffering. *Id.* at ¶ 19. In a reply dated September 22, 2019, Jane Doe

3

#1 ("Michelle B.") left Jones "unattended" to linger with "extreme-severe bodily pain and suffering" in his right shoulder. *Id.*

On August 8, 2020, Jones wrote to the MWCI physician to complain about his "ongoing extreme-severe bodily pain and suffering." *Id.* at ¶ 20. In a written reply dated "August 20 - 28, 2020[,]" APRN Caplan left Jones "unattended" to linger with "ongoing extreme-severe bodily pain and suffering" in his right shoulder. *Id.*

On October 6, 2020, Jones wrote to the MWCI medical unit "expressing ongoing extreme-severe pain and suffering." *Id.* at ¶ 21. In a reply on October 7, 2020, Jane Doe #2 ("Cheryl P.") left Jones "unattended" to suffer with "ongoing extreme-severe bodily pain" in his right shoulder. *Id.*

On October 20, 2020, Jones wrote to the MWCI medical unit "expressing ongoing extreme-severe bodily pain and suffering." *Id.* at ¶ 22. In a reply on October 26, 2020, Jane Doe #3 left Jones "unattended" to suffer with "ongoing extreme-severe bodily pain" in his right shoulder. *Id.*

On November 20, 2020, Jones wrote to the MWCI medical unit "expressing ongoing extreme-severe bodily pain and suffering." *Id.* at ¶ 23. In a reply dated November 24, 2020, Jane Doe #4 ("Caroline") left Jones "unattended" to suffer with "ongoing extreme-severe bodily pain" in his right shoulder. *Id.*

On December 20, 2020, Jones wrote to the MWCI medical unit "expressing ongoing extreme-severe bodily pain and suffering." *Id.* at ¶ 24. In a reply dated December 24, 2020, APRN Caplan left Jones "unattended" to suffer with "ongoing extreme-severe bodily pain" in his right shoulder. *Id.*

On January 8, 2021, Jones submitted a medical administrative grievance "demanding medical relief." *Id.* at ¶ 25. In a reply dated January 31, 2021, Jane Doe #5 left Jones "unattended" to suffer with "ongoing extreme-severe bodily pain" in his right shoulder. *Id.*

### III. DISCUSSION

Statute of Limitations and Equitable Tolling[1]

  A. *Statute of Limitations*

A federal court must look to state law to determine the applicable statute of limitations in a section 1983 suit. In Connecticut, that period is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that the three-year personal-injury statute of limitations period set forth in Conn. Gen. Stat. § 52–577 is the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983).

Federal law, however, controls when the cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). Under established precedent in the Second Circuit, the accrual date for section 1983 actions occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (cleaned up). In the context of deliberate medical indifference, such claims accrue when the sought medical treatment is denied. *See Traore v. Police Off. Andrew Ali Shield*, 2016 WL 316856, at *5 (S.D.N.Y. Jan. 26, 2016). The instant complaint was filed on September 23, 2021, the date Jones signed the complaint.[2] Absent tolling then, any claim that accrued before

---

[1] Although the statute of limitations is generally raised as an affirmative defense, the court may dismiss a claim where the allegations of the complaint demonstrate that the relief sought is time-barred. *See Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980); *Reese v. Lightner*, 2019 WL 2176342, at *3 (D. Conn. May 20, 2019) (collecting cases).

[2] A *pro se* prisoner's complaint is deemed filed at the moment of delivery to prison authorities for forwarding to the district court. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). Courts in this Circuit have assumed that a

September 23, 2018 is time-barred.

By Jones's account, Defendants Nurse Burns, Nurse Boilard, and Hollie failed to provide him with medical care for his right shoulder in 2016 and 2017. Compl., Doc. No. 1, at ¶¶ 12–14. Dr. Naqui failed to remedy Jones's pain medication after he complained about its ineffectiveness on June 28, 2018. *Id.* at ¶ 16. And again, Nurse Burns failed to provide Jones with medical treatment on July 20, 2018. *Id.* at ¶ 17. Nevertheless, each of those incidents accrued before September 2018. Thus, Jones's Eighth Amendment deliberate indifference claims asserted against Nurse Burns, Nurse Boilard, Hollie, and Dr. Naqui are barred by the statute of limitations.

B. *Equitable Tolling*

My analysis does not end there. The doctrine of equitable tolling—which is applied in both federal and Connecticut state courts, *see Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *Wiele v. Bd. of Assessment App.*, 119 Conn. App. 544, 554 (2010)—"permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Chao v. Russell P. LeFrois Builder*, 291 F.3d 219, 223 (2d Cir. 2002) (cleaned up).

Like the limitations period, tolling provisions for section 1983 actions derive from state law. *See Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) ("Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled…."). Connecticut law permits tolling of the statute of limitations due to a continuous course of conduct or fraudulent concealment of the cause of action by the defendants.

---

prisoner hands his or her petition or complaint to a prison staff member to be mailed or e-filed to the court on the date that the prisoner signed it. *See Lehal v. Cent. Falls Det. Facility Corp.*, 2019 WL 1447261, at *19 (S.D.N.Y. Mar. 15, 2019) ("In the absence of other evidence as to when the prisoner actually delivered his complaint to prison officials, the court assumes that a *pro se* plaintiff hands his complaint to prison officials for mailing on the date in which he signs it.").

6

*See Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 429 (2013).[3]

Here, Jones's conclusory allegations do not support tolling on the basis of either (1) a continuous course of conduct or (2) fraudulent concealment. No alleged facts indicate that Jones retained a continuing medical treatment relationship with any defendant, who would thereby owe him a continuing duty related to his medical care or pain relief. Nor has Jones alleged facts to suggest that a defendant intentionally concealed any fact from him related to his medical needs. Accordingly, Jones's deliberate indifference claims asserted against Nurse Burns, Nurse Boilard, Hollie, and Dr. Naqui are barred by the statute of limitations and are dismissed as not plausible. *See* 28 U.S.C. § 1915A(b)(1). I will permit Jones one opportunity to amend his complaint to allege facts, if any, that would support tolling the statute of limitations.[4]

Eighth Amendment Claims

Because Jones was a sentenced prisoner at the time relevant to his allegations, his claims are analyzed under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29–34 & n.9 (2d Cir. 2017). Although Jones raises a substantive due process claim, the Supreme Court has instructed that, "where a particular Amendment provides an explicit textual source of

---

[3] To establish the existence of a continuing course of conduct, a plaintiff must allege that the defendant: (1) engaged in wrongful conduct against the plaintiff; (2) owed the plaintiff a continuing duty that was related to the alleged initial misconduct; and (3) continually breached that duty by engaging in subsequent misconduct towards the plaintiff. *See Flannery v. Singer Asset Fin. Co.*, LLC, 312 Conn. 286, 311–13 (2014) (cleaned up). Connecticut courts have concluded that a duty may continue to exist when "there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." *Id.* at 312–13 (cleaned up) (quoting *Watts v. Chittenden*, 301 Conn. 575, 584 (2011)).

To prove fraudulent concealment, a plaintiff must allege: "(1) the defendants' actual awareness … of the facts necessary to establish the plaintiff's cause of action; (2) the defendants' intentional concealment of these facts from the plaintiff; and (3) the defendants' concealment of these facts was for the purpose of obtaining delay on the plaintiff's part in filing a complaint on his cause of action." *See Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 432–33 (2013) (citing *Bartone v. Robert L. Day Co.*, 232 Conn. 527, 533 (1995)).

[4] Even if Jones could get past the statute of limitations hurdle, his complaint still does not plausibly state a claim against Defendants Nurse Burns, Nurse Boilard, Hollie, and Dr. Naqui. As described in greater detail herein, Jones fails to allege how these Defendants were deliberately indifferent to his serious medical need.

7

constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (cleaned up). Thus, Jones's claims of cruel and unusual punishment must be analyzed under Eighth Amendment standards as applied to the states through the Fourteenth Amendment. *See Panetti v. Quarterman*, 551 U.S. 930, 935 (2007). Accordingly, I will dismiss with prejudice Jones's claims asserting Fourteenth Amendment substantive due process violations as not plausible.

    A.  *Individual Capacity Claims*

I next consider whether Jones has alleged plausible Eighth Amendment claims against APRN Stork, Jane Doe #1 ("Michelle B."), APRN Caplan, Jane Doe #2 ("Cheryl P."), Jane Doe #3, Jane Doe #4 ("Caroline"), and Jane Doe #5 (collectively, "the Defendants") in their individual capacities based on alleged medical deprivations that occurred between August 12, 2019 and January 31, 2021. *See* Compl., Doc. No. 1, at ¶¶ 19–25.

The Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners," whether "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (cleaned up). However, "not every lapse in medical care is a constitutional wrong." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). To determine whether a plaintiff has plausibly stated an Eighth Amendment deliberate indifference claim, courts engage in a two-prong inquiry. *Id.* at 279–80.

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*,

501 U.S. 294, 298 (1991)). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (cleaned up). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)). When the offending conduct is failure to treat, a court examines "the severity of the prisoner's underlying medical condition;" however, if the allegedly offending conduct is delayed treatment, a court considers "the severity of the temporary deprivation alleged by the prisoner." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *See Salahuddin*, 467 F.3d at 280. To know of and disregard an excessive risk to the plaintiff's health or safety, the defendant must be actually "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darnell*, 849 F.3d at 32 (*citing Brennan*, 511 U.S. at 837); *Salahuddin*, 467 F.3d at 281 (noting that the "charged official must be subjectively aware that his conduct creates [substantial] risk [of harm]").

   i.   <u>Objective Prong</u>

Construed most liberally in Jones's favor, Jones's allegations are sufficient to raise an inference that he suffers from a sufficiently serious medical condition. Admittedly, Jones does not allege detailed facts describing his cyst or shoulder injury. Nevertheless, Jones has alleged

that he has "ongoing extreme-severe bodily pain" in his right shoulder that makes writing difficult for him. *See* Compl., Doc. No. 1, at ¶¶ 19–25. Other cases suggest that allegations of "severe pain … [and] reduced mobility …" in the shoulder are sufficient to raise a material issue of fact about a serious medical need. *Sereika v. Patel*, 411 F. Supp. 2d 397, 406 (S.D.N.Y. 2006).

    ii.    Subjective Prong

Even assuming that Jones suffered a serious medical need, he has not alleged facts sufficient to show that the Defendants were deliberately indifferent. Although Jones alleges that he wrote to MWCI about his ongoing pain and suffering, the Defendants left him to "linger" without medical attention. Taken as true, the complaint shows that the Defendants were careless at most. More, however, is required to demonstrate deliberate indifference. *See Salahuddin*, 467 F.3d at 280 ("This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result."). Importantly, Jones fails to allege what exactly the Defendants failed to do. Nor does Jones allege that any of the Defendants intentionally delayed providing or facilitating medical treatment after becoming aware of his medical needs. Jones does not allege any facts about what the Defendants said in response to his writings, or even what he included in his writings to the MWCI medical unit. Thus, there is no plausible basis to support an allegation of deliberate indifference as to any of the Defendants, and I deny Jones's Eighth Amendment claims without prejudice. I will permit Jones one opportunity to amend his complaint to allege facts and/or attach documents that would support his deliberate indifference claims against the Defendants, including, but not limited to, the correspondence he sent to the MWCI medical unit, and the responses he received.

  B.  *Official Capacity Claims*

Next, Jones requests injunctive relief against Commissioner Quiros in his official capacity. Specifically, Jones requests that I order Commissioner Quiros to provide him with adequate medical care and treatment for his right shoulder. *See* Compl., Doc. No. 1, at 16.

State officials sued in their official capacities under section 1983 are immune from suit for damages pursuant to the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). But the Eleventh Amendment does not bar an inmate from suing state officials in their official capacities for injunctive relief if the inmate: (1) alleges an ongoing violation of federal law; and (2) seeks prospective relief. *See Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020).

Because I conclude that Jones has not alleged facts sufficient to support an Eighth Amendment violation, let alone an ongoing violation, his claim against Quiros for injunctive relief is dismissed without prejudice. *See Inside Connect, Inc. v. Fischer*, 2014 WL 2933221, at *7 (S.D.N.Y. June 30, 2017) (Eleventh Amendment bars claim for injunctive relief against state official based on past conduct that is no longer ongoing); *Ward v. Thomas*, 207 F.3d 114, 119–20 (2d Cir. 2000) (Eleventh Amendment bars declaration that state violated federal law in the past). I will permit Jones one opportunity to amend his complaint to allege facts, if any, that would support that he is suffering an ongoing Eighth Amendment violation.

### IV.   CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

1) Jones's Fourteenth Amendment substantive due process claims against all Defendants are **DISMISSED with prejudice**.

2) Jones's Eighth Amendment claims for deliberate indifference against all Defendants are **DISMISSED without prejudice**. I will afford Jones one opportunity to file an amended

complaint, within 30 days of this Order, to correct the deficiencies identified in this Initial Review Order. Failure to file the amended complaint within this time period will result in the dismissal of the case with prejudice. Jones is advised that any amended complaint will completely replace his prior complaint in this action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

It is so ordered.

Dated at Bridgeport, Connecticut this 29th day of April 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge